■ KENNETH KOOPERSMITH, as Executor of MARCIA KOOPERSMITH, Deceased, Appellant, v GENERAL MOTORS CORPORATION, Respondent.—In an action to recover damages for wrongful death, etc., predicated upon the theories of negligence, breach of warranty and strict products liability, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered July 30, 1976, which is in favor of defendant and against him, upon a jury verdict. Judgment affirmed, without costs or disbursements. The evidence presented by both parties' experts was credible, but contradictory. It cannot be said that the verdict in favor of defendant could not have been

reached upon any fair interpretation of the evidence. The jury could properly have found that plaintiff failed to prove, by a preponderance of the evidence, that the engine mount in decedent's car was defective. The velocity of the vehicle at the time of impact, without another proven explanation of the event, would allow the jury to infer that the decedent contributed to the accident by speeding in her car. In addition, the jury's answers to the written interrogatories do not conclusively demonstrate that the verdict was a product of confusion (see, e.g., *Pache v Boehm*, 60 AD2d 867; *R & R Wrecking Co. v City of New York*, 53 AD2d 859). The jury could properly have concluded, as indicated in the answers to the interrogatories, that defendant failed to warn decedent about the potential safety hazard posed by the negligent design of its engine mount, but that there was no specific defect in the engine mount of the decedent's car. Since the jury found that engine mount failure was not a proximate cause of the accident, the verdict may not be impeached. Where the verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view. (See *Fitzsimmons v Wilder Mfg. Co.*, 53 AD2d 743; 8 Carmody-Wait 2d, NY Prac, § 58:10.) Mollen, P. J., Martuscello, Shapiro, Cohalan and O'Connor, JJ., concur.