■ ISIDORE RUBIN et al., Respondents, v SALVATORE PECORARO, Defendant, and JOSEPH BALUTIS, Appellant.—In a negligence action to recover damages for personal injuries, etc., the defendant Joseph Balutis appeals from an order of the Supreme Court, Kings County (Vinick, J.), dated June 8, 1987, which, after a trial on the issue of liability only, granted the plaintiffs' motion to set aside a verdict in his favor and granted a new trial.

Ordered that the order is reversed, on the law and the facts,

with costs, the verdict in favor of the defendant Balutis is reinstated, and the matter is remitted to the Supreme Court, Kings County, for entry of an appropriate judgment.

On November 28, 1984, in the early afternoon, the plaintiff Isidore Rubin was walking on Broadway in the Borough of Brooklyn when he attempted to cross that street some distance from its intersection with Havemeyer Street. The defendant Joseph Balutis, accompanied by his wife, was driving his motor vehicle in an easterly direction on Broadway when the car came in contact with the plaintiff Isidore Rubin, causing him to fall and sustain personal injuries. At trial, the injured plaintiff testified that although he had looked both ways before he crossed, he did not see the appellant's car before impact "because the car was in a speed". The appellant driver and his wife both testified that the injured plaintiff came from between parked cars, and, without looking in the direction of the appellant's car, walked into the right passenger door and fell to the ground. The Trial Judge charged the jury regarding the respective duties of the appellant and the injured plaintiff and submitted to the jury the law as set forth in Vehicle and Traffic Law §§ 1152 and 1154 and New York City Traffic Regulations §§ 52A and 52C. There was no exception to the charge. Without objection, the court submitted written interrogatories to the jury separately inquiring as to negligence and proximate cause with regard to the appellant and the injured plaintiff. The charge on the law and the makeup of the written interrogatories constitute the law of this case (see, *Freidus v Eisenberg,* 71 NY2d 981; *Martin v City of Cohoes,* 37 NY2d 162, 165). The jury found that the appellant was negligent but also found that his negligence was not a proximate cause of the accident. The court determined that this verdict was "hopelessly irreconcilable, and logically impossible", set it aside and granted a new trial. We disagree.

A contention that a verdict is inconsistent and irreconcilable must be reviewed in the context of the court's charge *(Lundgren v McColgin,* 96 AD2d 706). Further, "[w]here the verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" *(Koopersmith v General Motors Corp.,* 63 AD2d 1013, 1014, *lv denied* 46 NY2d 705).

In this case, the jury could reasonably have found that the injured plaintiff attempted to cross the street between parked cars and, without looking, walked into the right side of the appellant's car. Further, the jury could reasonably have found that although the appellant was negligent in the operation of

the vehicle under the broad duties and obligations of a driver, as charged by the court, that negligence was not a proximate cause of the accident. In this regard, we note that the jury was properly charged as to the meaning of proximate cause, as follows: "An act or omission is a proximate cause of an accident if it was a substantial factor in bringing about the accident. That means if it had such an effect in producing the accident that reasonable men or women would regard it as a cause of the accident".

A reasonable view of the evidence in this case can fairly support the jurors' verdict in that they could have decided that although the appellant was negligent as to speed, control, looking or not sounding a horn, that negligence was not a substantial factor in causing this occurrence. In a somewhat analogous situation, we stated in *Maze v DiBartolo* (130 AD2d 720, 721), as follows: "In the case at bar, the jury could reasonably have found that although the appellants and the other defendants were negligent, only the appellants' negligence was a proximate cause of the plaintiff's injuries *(see, Fitzsimmons v Wilder Mfg. Co.,* 53 AD2d 743). Such an interpretation would be consistent with the court's charge which distinguished between negligence and proximate cause and permitted a finding of fault of from 0% to 100%".

In *Bucich v City of New York* (111 AD2d 646), a case cited by the trial court to support its decision to set aside the verdict, involving a trip and fall over a defective condition, the issues of negligence and proximate cause were so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause.

In sum, from a fair interpretation of the evidence, the jury could reasonably have concluded that notwithstanding some negligence on the part of the appellant in the operation of the motor vehicle, the *sole* proximate cause of this accident was the conduct of the injured plaintiff in crossing, not at the corner, but between parked cars, without looking, and walking into the side of the appellant's vehicle. In making this determination, we can properly consider the injured plaintiff's actions, not on the issue of comparative negligence, but on the totality of the proof in the jury's evaluation of the issue of proximate cause.

We have considered the plaintiffs' other contentions, including their assertion that the verdict was against the weight of the evidence, and conclude that they are without merit.

Accordingly, the verdict in favor of the appellant on the

issue of liability should be reinstated. Bracken, J. P., Brown, Lawrence and Spatt, JJ., concur.