■ FRANCES V. POTTER, Respondent, v SARAH KORFHAGE, Respondent, and EGIDIO J. RAITI, Appellant. [659 NYS2d 323] —In an action to recover damages for personal injuries, the defendant Egidio J. Raiti appeals from an amended interlocutory judgment of the Supreme Court, Suffolk County (Oshrin, J.), entered March 14, 1996, which, upon a jury verdict finding him 100% at fault in the happening of an accident, is in favor of the plaintiff and against him on the issue of liability and dismissed the complaint insofar as asserted against the defendant Sarah Korfhage and his cross claim asserted against that defendant.

Ordered that the amended interlocutory judgment is affirmed, with one bill of costs.

The plaintiff, who was a passenger in a car driven by the appellant Egidio J. Raiti, was injured when that car collided with a vehicle driven by Sarah Korfhage at an intersection of the roadways in a parking lot. At the trial, the appellant admitted that, prior to impact, his attention was directed at adjusting a tape in his tape deck, while his foot remained on the accelerator. After the plaintiff cried "Watch out", the appellant

redirected his attention to the road, but by that time he was only three feet from Korfhage's vehicle and was unable to stop in time to avoid impact with her vehicle.

The jury found that both Sarah Korfhage and the appellant were negligent, but that Korfhage's negligence was not a proximate cause of the accident, while the appellant's negligence was the proximate cause of the accident.

It is well settled that, in order to find a defendant liable, a finding of negligence generally is not sufficient: the plaintiff must also show that the defendant's negligence was a "substantial cause" of the accident (*Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315; *see, Gleason v Reynolds Leasing Corp.,* 227 AD2d 375; *Garcia v City of New York,* 205 AD2d 49; *Rubin v Pecoraro,* 141 AD2d 525). The question of whether a defendant's negligence constituted a proximate cause of the accident is generally a question for the jury *(see, Rubin v Pecoraro, supra),* whose determination should not be disturbed unless it could not have been reached on any fair interpretation of the evidence *(see, Rubin v Pecoraro, supra; Nicastro v Park,* 113 AD2d 129, 134-135). A jury can reasonably find that a driver is "negligent in the operation of [a] vehicle under the broad duties and obligations of a driver, as charged by the court" but that that negligence was not a proximate cause of the accident (*Rubin v Pecoraro, supra,* at 526-527).

Under the facts of this case, the jury's finding that the appellant's negligence was the sole proximate cause of the accident is amply supported by the evidence. Accordingly, the determination of the jury is upheld.

The appellant's remaining contentions are without merit. Friedmann, Goldstein and McGinity, JJ., concur.

Altman, J. P., dissents and votes to reverse the amended interlocutory judgment, on the facts, to reinstate the complaint and cross claim insofar as asserted against the defendant Sarah Korfhage, and to order a new trial, with the following memorandum, in which Luciano, J., concurs. I respectfully disagree with the majority's conclusion that the verdict in this case was not against the weight of the evidence. While it is true that a jury may reasonably find a driver to have been negligent without also finding his or her negligence to be the proximate cause of an accident *(see, Rubin v Pecoraro,* 141 AD2d 525), given the circumstances of this intersection accident it was "logically impossible" for the jury to have found Sarah Korfhage negligent and yet conclude that her negligence was not a substantial factor in bringing about the accident (*Rubin v Pecoraro, supra,* at 527). Since the jury's finding that the appel-

lant's negligence was the sole proximate cause of the accident could not have been reached on any fair interpretation of the evidence, the court erred in denying his motion to set aside the verdict (*see, Lolik v Big V Supermarkets,* 86 NY2d 744, 746; *Nicastro v Park,* 113 AD2d 129, 134-135).