■ ANGEL COLON, Appellant, v CITY OF NEW YORK et al., Respondents. [666 NYS2d 10] —In an action to recover damages

for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Milano, J.), entered August 9, 1996, which, upon a jury verdict, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

Although the trial court frequently intervened in the trial by questioning witnesses, it did not display any bias toward either counsel. Rather, the trial court questioned the witnesses to further clarify facts material to the issues in the trial and to expedite the proceedings (*see, Pallotta v West Bend Co.,* 166 AD2d 637, 639; *LaMotta v City of New York,* 130 AD2d 627; *Gallo v Supermarkets Gen. Corp.,* 112 AD2d 345, 348).

The plaintiff's challenges to the court's supplemental charge on proximate cause are unpreserved for appellate review (*see, Scandell v Salerno,* 155 AD2d 523; *deGast v Livingstone,* 144 AD2d 332, 333; *Waddle v. Snyder Co.,* 149 AD2d 696, 697). In any event, the charge as a whole sufficiently instructed the jury as to the law (*see, Scandell v Salerno, supra; Fricker v New York City Off Track Betting Corp.,* 213 AD2d 590, 591, *cert denied* 516 US 1114; *Dulin v Mahler,* 200 AD2d 707, 708).

Contrary to the plaintiff's contention, the fact that the defendants were found to have been negligent but that their negligence was not a proximate cause of the plaintiff's injuries does not render the verdict inconsistent (*see, Schermerhorn v Warfield,* 213 AD2d 877, 878; *Rubin v Pecoraro,* 141 AD2d 525, 526).

The plaintiff's remaining contentions are without merit. Copertino, J. P., Sullivan, Pizzuto and Lerner, JJ., concur.