■ Michael Lewis, Appellant, v Metroplex Long Island Corporation, Defendant and Third-Party Plaintiff-Respondent. W & K Management Corp., Third-Party Defendant-Respondent. [736 NYS2d 247] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Seidell, J.), entered June 28, 2000, as, upon a jury verdict in favor of the defendant third-party plaintiff, dismissed the complaint.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs.

After trial the jury found that the defendant third-party plaintiff, Metroplex Long Island Corporation, was negligent, but that its negligence was not a proximate cause of the accident.

Contrary to the plaintiff's contention, the verdict was not against the weight of the evidence. The finding of a jury that a party was negligent but that the negligence was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are "so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Rubin v Pecoraro*, 141 AD2d 525, 527; *see, Hernandez v Baron*, 248 AD2d 440; *Schaefer v Guddemi*, 182 AD2d 808, 809). Under the circumstances of this case, the finding of proximate cause did not inevitably flow from the finding of culpable conduct.

The plaintiff's remaining contention is unpreserved for appellate review. Santucci, J.P., Smith, Crane and Cozier, JJ., concur.