■ SHARESE REESE et al., Appellants, v NEW YORK CITY BOARD OF EDUCATION, Respondent. [747 NYS2d 592] ■

The plaintiffs commenced this action against the New York City Board of Education, alleging negligent supervision, after the 14-year-old plaintiff Sharese Reese injured her knee while practicing a dance routine for a talent show in her school auditorium. The jury found that the defendant was negligent but that this negligence was not a substantial factor in causing the infant plaintiff's injury.

The plaintiffs contend that the verdict was internally inconsistent and therefore against the weight of the evidence. The contention that the verdict was inconsistent is unpreserved for appellate review as the plaintiffs failed to object to the verdict on this ground before the jury was discharged (*see Disla v DHL Airways*, 219 AD2d 612; *Gross v Fontano*, 206 AD2d 505). In any event, we conclude that the verdict was not inconsistent and that it was based on a fair interpretation of the evidence (*see Lewis v Metroplex Long Is. Corp.*, 290 AD2d 421; *Jennings v DeFreitas*, 283 AD2d 611). The issues were not "so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Rubin v Pecoraro*, 141 AD2d 525, 527).

The trial court providently exercised its discretion in precluding the plaintiffs' expert from testifying as to whether a "spotter" was required as a safety precaution during the infant plaintiff's dance routine, as the expert failed to demonstrate that he possessed the requisite knowledge to render a reliable opinion on that issue (*see Franklin v Jaros, Baum & Bolles*, 257 AD2d 600).

The remaining issues raised by the plaintiffs are either unpreserved for appellate review or without merit (*see Colon v City of New York*, 245 AD2d 258; *Fricker v New York City Off Track Betting Corp.*, 213 AD2d 590, *cert denied* 516 US 1114).

In view of our determination, we do not reach the defendant's contention that the trial court erred in reserving decision on its motion for a directed verdict. Altman, J.P., Florio, O'Brien and H. Miller, JJ., concur.