■  FELICIA CANTAVE et al., Appellants, v CITY OF NEW YORK, Respondent. [767 NYS2d 896]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Schmidt, J.), entered August 21, 2002, which, upon a jury verdict determining that the defendant, the City of New York, was not liable for the infant plaintiff's injuries, and upon an order of the same court dated June 28, 2002, denying the plaintiffs' motion pursuant to CPLR 4404, inter alia, to set aside the verdict as against the weight of the evidence, is in favor of the defendant and against them.

Ordered that the judgment is affirmed, with costs.

Contrary to the plaintiffs' contention, it was not "logically impossible" (*Rubin v Pecoraro,* 141 AD2d 525, 527 [1988]) to find that the defendant was negligent without also finding that such negligence was a proximate cause of the accident (*see El-Shafaie v Verma,* 2 AD3d 394 [2003]). Accordingly, the Supreme Court properly denied the motion pursuant to CPLR 4404, inter alia, to set aside the verdict as against the weight of the evidence (*see People v McNeal,* 300 AD2d 322 [2002]; *Martonick v Pudiak,* 285 AD2d 935, 935-936 [2001]; *Schaefer v Guddemi,* 182 AD2d 808 [1992]; *Brennan v Bauman & Sons Buses,* 107 AD2d 654 [1985]; *see also Nicastro v Park,* 113 AD2d 129 [1985]). Florio, J.P., Friedmann, H. Miller and Mastro, JJ., concur.