■ JOANNE RUSCILLO-STEINER, Appellant, v CITY OF NEW YORK, Respondent. [782 NYS2d 675]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Flug, J.), dated October 22, 2003, which denied her motion pursuant to CPLR 4404 to set aside a jury verdict on the issue of liability as against the weight of the evidence.

Ordered that the order is affirmed, with costs.

"A jury finding that a party was negligent but that such negligence was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are 'so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause' " (*Cona v Dwyer,* 292 AD2d 562, 563 [2002], quoting *Rubin v Pecoraro,* 141 AD2d 525, 527 [1988]; *see El-Shafaie v Verma,* 2 AD3d 394 [2003]). Under the facts of this case, it was logically possible for the jury to find that the defendant was negligent in maintaining the subject roadway, but that its negligence was not a proximate cause of the plaintiff's accident (*see Cantave v City of New York,* 2 AD3d 477 [2003]; *El-Shafaie v Verma, supra; Reese v New York City Bd. of Educ.,* 297 AD2d 793 [2002]; *Cona v Dwyer, supra*). The verdict is supported by a fair interpretation of the evidence (*see Nicastro v Park,* 113 AD2d 129 [1985]; *Sukhoo v City of New York,* 1 AD3d 349 [2003]; *Rubin v Pecoraro, supra*). Accordingly, the Supreme Court properly denied the plaintiff's motion pursuant to CPLR 4404 to set aside the verdict on the issue of liability as against the weight of the evidence.

The plaintiff's remaining contention is without merit. H. Miller, J.P., S. Miller, Krausman and Goldstein, JJ., concur.