■ RICKY JAFFIER, Appellant, v GLEN JEVON WILSON, Defendant, and ARTHUR WEDDERBURN et al., Respondents. [864 NYS2d 458]—In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated July 19, 2007, as denied his mo-

tion pursuant to CPLR 4404 to set aside a jury verdict in favor of the defendants Arthur Wedderburn and Alvin A. Morris on the issue of liability as inconsistent and against the weight of the evidence and for a new trial.

Ordered that the order is affirmed insofar as appealed from, with costs.

After trial, the jury found that the defendants Arthur Wedderburn and Alvin A. Morris were negligent, but that their negligence was not a proximate cause of the accident in question. The finding of a jury that a party was negligent but that the negligence was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are "so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Rubin v Pecoraro,* 141 AD2d 525, 527 [1988]; *see Hernandez v Baron,* 248 AD2d 440 [1998]; *Schaefer v Guddemi,* 182 AD2d 808, 809 [1992]). " '[W]here the verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view' " (*Rubin v Pecoraro,* 141 AD2d at 526, quoting *Koopersmith v General Motors Corp.,* 63 AD2d 1013, 1014 [1978]; *see Abre v Sherman,* 36 AD3d 725, 726 [2007]; *Cona v Dwyer,* 292 AD2d 562, 563 [2002]; *Lewis v Metroplex Long Is. Corp.,* 290 AD2d 421 [2002]). Under the circumstances of this case, the finding of proximate cause did not inevitably flow from the finding of culpable conduct on the part of the defendants Arthur Wedderburn and Alvin A. Morris. Therefore, the verdict was neither inconsistent nor against the weight of the evidence. Spolzino, J.P., Lifson, Dickerson and Chambers, JJ., concur.