■ JOSE OSVALDO ZHAGUI, Respondent, v FREDERICK H. GILBO et al., Appellants. [883 NYS2d 222]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Dabiri, J.), dated February 19, 2008, which granted the plaintiff's motion pursuant to CPLR 4404 (a) to set aside a jury verdict in their favor on the issue of liability, and for a new trial.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the jury verdict in favor of the defendants and against the plaintiff on the issue of liability and for a new trial is denied.

A jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets,* 86 NY2d 744 [1995]; *Nicastro v Park,* 113 AD2d 129 [1985]). A jury finding that a party was negligent but that the negligence was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are "so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Rubin v Pecoraro,* 141 AD2d 525, 527 [1988]; *see Jaffier*

*v Wilson,* 54 AD3d 725 [2008]). "Where the verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (*Koopersmith v General Motors Corp.,* 63 AD2d 1013, 1014 [1978]; *see Rubin v Pecoraro,* 141 AD2d at 526). Under the circumstances, the issues of negligence and proximate cause were not inextricably interwoven, and the jury determination that the defendant driver's negligence was not a proximate cause of the accident was not against the weight of the evidence (*see Rubin v Pecoraro,* 141 AD2d 525 [1988]). Mastro, J.P., Florio, Eng and Leventhal, JJ., concur.