■ JENNIFER JANKAUSKAS, Appellant, v ABRAHAM SANDBERG et al., Respondents. [898 NYS2d 200]—In an action to recover dam-

ages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Partnow, J.), dated August 26, 2008, which, upon a jury verdict on the issue of liability, is in favor of the defendants and against her dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Nicastro v Park*, 113 AD2d 129 [1985]). A jury finding that a party was negligent, but that the negligence was not a proximate cause of the accident, is inconsistent and contrary to the weight of the evidence only when the issues are "so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Rubin v Pecoraro*, 141 AD2d 525, 527 [1988]; *see Zhagui v Gilbo*, 63 AD3d 919 [2009]; *Jaffier v Wilson*, 54 AD3d 725 [2008]). "Where the verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (*Koopersmith v General Motors Corp.*, 63 AD2d 1013, 1014 [1978]; *see Zhagui v Gilbo*, 63 AD3d 919 [2009]; *Jaffier v Wilson*, 54 AD3d at 726; *Rubin v Pecoraro*, 141 AD2d at 526). Here, the issues of negligence and proximate cause were not inextricably interwoven, and the jury's determination that the defendant was negligent but that the negligence was not a proximate cause of the accident, was not contrary to the weight of the evidence (*see Rubin v Pecoraro*, 141 AD2d 525 [1988]).

The plaintiff's contention that she was prejudiced by defense counsel's summation is unpreserved for appellate review because she raised no objection to the comments now alleged to have been improper (*see Wilson v City of New York*, 65 AD3d 906, 908 [2009]; *Lucian v Schwartz*, 55 AD3d 687, 689 [2008]). Rivera, J.P., Santucci, Eng and Chambers, JJ., concur.