■ LUCIA FERREIRA, Individually and as Administratrix of the Estate of BABY GIRL FERREIRA, Deceased, Respondent, et al., Plaintiff, v WYCKOFF HEIGHTS MEDICAL CENTER, Defendant/Third-Party Plaintiff-Appellant, et al., Defendants. IRVING SPODEK, M.D., Third-Party Defendant-Respondent. [915 NYS2d 631]—

In an action to recover damages for medical malpractice, the defendant/third-party plaintiff appeals, by permission, as limited by its brief, from so much of an order of the Appellate Term for the 2nd, 11th, and 13th Judicial Districts dated May 22, 2009, as (1) affirmed so much of a judgment of the Civil Court, Kings County (Sweeney, J.), entered March 28, 2007, as, upon a jury verdict, and upon an order of the same court dated July 5, 2006, denying its motion to set aside the jury verdict pursuant to CPLR 4404, was in favor of the plaintiff in her individual capacity and against it in the principal sum of $1,000,000, and (2) affirmed a judgment of the same court entered December 5, 2006, which dismissed the third-party complaint.

Ordered that the order dated May 22, 2009, is affirmed insofar as appealed from, with one bill of costs.

The defendant/third-party plaintiff, Wyckoff Heights Medical Center (hereinafter WHMC), contends that the jury's finding that the plaintiff, Lucia Ferreira, was negligent was inconsistent

with the jury's finding that the plaintiff's negligence was not a substantial factor in bringing about the premature delivery and death of the plaintiff's baby (hereinafter the decedent). However, this contention is without merit. The issues were not so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause (*see Ward v Watson*, 72 AD3d 808 [2010]; *Jankauskas v Sandberg*, 71 AD3d 1090 [2010]; *Rubin v Pecoraro*, 141 AD2d 525 [1988]). The verdict can be reconciled with a reasonable view of the evidence, and the plaintiff was entitled to the presumption that the jury adopted that view (*see Ward v Watson*, 72 AD3d 808 [2010]; *Jankauskas v Sandberg*, 71 AD3d 1090 [2010]; *Rubin v Pecoraro*, 141 AD2d 525 [1988]).

WHMC's contention that the doctrine of judicial estoppel barred the plaintiff from arguing at trial that the decedent was stillborn is without merit. The doctrine of judicial estoppel will be applied when a party has secured a judgment in his or her favor by adopting the prior position, and then has sought to assume a contrary position simply because his or her interests have changed (*see Matter of One Beacon Ins. Co. v Espinoza*, 37 AD3d 607 [2007]; *Matter of State Farm Mut. Auto. Ins. Co. v Allston*, 300 AD2d 669 [2002]; *Bono v Cucinella*, 298 AD2d 483 [2002]). Although the plaintiff previously argued that the decedent was born alive, the plaintiff never obtained a judgment in her favor by adopting that position. Therefore, judicial estoppel did not bar the plaintiff from arguing at trial that the decedent was stillborn.

WHMC's contention that the verdict was contrary to the weight of the evidence is also without merit. A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict on any fair interpretation of the evidence (*see Mancusi v Setzen*, 73 AD3d 992 [2010]; *Nicastro v Park*, 113 AD2d 129 [1985]). The jury's resolution of conflicting expert testimony is entitled to great weight on appeal, as it is the jury that had the opportunity to observe and hear the experts (*see Mancusi v Setzen*, 73 AD3d at 993). Where, as here, conflicting expert testimony is presented, the jury is entitled to accept one expert's opinion and reject that of another expert (*see Morales v Interfaith Med. Ctr.*, 71 AD3d 648 [2010]; *Segal v City of New York*, 66 AD3d 865 [2009]). It is within the province of the jury to determine the expert's credibility (*see Monroy v Glavas*, 57 AD3d 631 [2008]; *Cohen v Kasofsky*, 55 AD3d 859 [2008]). Thus, the jury was entitled to accept the opinion of the plaintiff's expert as to WHMC's malpractice, and there is no basis to disturb its determination.

Furthermore, contrary to WHMC's contention, the jury's determination as to the third-party defendant, Irving Spodek, was also based on a fair interpretation of the evidence, and there is no basis to disturb it.

The award of $1,000,000 for past pain and suffering does not deviate materially from what would be reasonable compensation (see CPLR 5501 [c]). Covello, J.P., Eng, Chambers and Hall, JJ., concur.