Order, Supreme Court, New York County (Carol E. Huff, J.), entered July 11, 2011, which, in an action to recover damages *897 for personal injuries sustained by plaintiff in a one-vehicle accident, to the extent appealed from as limited by the briefs, denied plaintiff passenger’s posttrial motion to set aside the jury verdict on the issue of proximate cause and direct a judgment in her favor on the issue as against defendant driver Espinal, or for a new trial on the issue of liability, unanimously affirmed, without costs.
Given Espinal’s testimony that she observed a problem with the brakes a week before the accident while in the car with defendant Vega, the car’s owner, and her testimony describing how the brakes performed and what she did with the brakes immediately before the accident, there was sufficient evidence to support the court’s jury charge on the adequacy of the brakes. The jury’s finding that Espinal was negligent, but that such negligence was not a substantial factor in causing plaintiff’s injury, was supported by a fair interpretation of the evidence (see McDermott v Coffee Beanery, Ltd., 9 AD 3d 195, 206 [1st Dept 2004]; Nicastro v Park, 113 AD2d 129, 132-137 [2d Dept 1985]). While Espinal testified that she was driving at about 40 to 45 miles per hour (mph) in a 30-mph zone up Broadway, she also testified that she had slowed down and was traveling at less than 10 mph when she hit the concrete median. She further testified that she steadily applied the brakes, but that the brakes became unresponsive and began “pumping,” causing her to lose control. The jury could have reasonably concluded that although Espinal was negligently speeding up Broadway, it was the brake failure that proximately caused the injuries. The jury could have reasonably concluded that the pumping was a malfunctioning of the brake, especially given Espinal’s testimony that she noticed a brake problem a week before the accident. In view of the court’s instructions permitting the jury to draw the strongest inference that the opposing evidence permits against Vega, and Espinal’s testimony that she had told Vega about the brake problem before the accident, the jury could have reasonably concluded that Vega’s failure to maintain the brakes was the sole proximate cause of plaintiffs injuries. Accordingly, we do not find the verdict to be irreconcilably inconsistent (see Rubin v Pecoraro, 141 AD2d 525 [2d Dept 1988]).
We have considered plaintiffs remaining contentions regarding proximate cause and find them unavailing. Concur— Andrias, J.P., Sweeny, Moskowitz, Freedman and Richter, JJ.