■ ADIA LOPEZ, Respondent, v GEORGE HAGE, Appellant. [6 NYS3d 580]—

In an action to recover damages for personal injuries, the defendant appeals from (1) an order of the Supreme Court, Queens County (Markey, J.), dated November 27, 2012, which granted the plaintiff's motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendant on the issue of liability as contrary to the weight of the evidence and for a new trial, and (2) an order of the same court (Greco, J.) dated May 30, 2013, which, upon a jury verdict following a retrial on the issue of liability finding him 100% at fault in the happening of the accident, and upon a separate jury verdict on the issue of damages awarding the plaintiff the principal sums of $200,000 for past pain and suffering, $160,000 for future pain and suffering over 50 years, $30,000 for past medical expenses, and $100,000 for future medical expenses over 50 years, in effect, granted his motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of damages as excessive only to the extent of reducing the award of damages for past medical expenses from the sum of $30,000 to the sum of $9,600 and for future medical expenses from the sum of $100,000 to the sum of $60,000, and is in favor of the plaintiff and against him in the principal sums of $200,000 for past pain and suffering, $160,000 for future pain and suffering, $9,600 for past medical expenses, and $60,000 for future medical expenses.

Ordered that the order dated November 27, 2012, is reversed, on the law, the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the jury verdict in the defendant's favor on the issue of liability as contrary to the weight of the evidence and for a

new trial is denied, that verdict is reinstated, the order dated May 30, 2013, is vacated, and the matter is remitted to the Supreme Court, Queens County, for the entry of an appropriate judgment, inter alia, dismissing the complaint; and it is further,

Ordered that the appeal from the order dated May 30, 2013, is dismissed as academic in light of the determination of the appeal from the order dated November 27, 2012; and it is further,

Ordered that one bill of costs is awarded to the defendant.

On May 17, 2007, the plaintiff fell while walking in a parking lot that served her apartment building. The parking lot was owned by the defendant. The plaintiff commenced this action to recover damages for personal injuries. Following a trial on the issue of liability, the jury returned a verdict finding that, while the defendant's property was not reasonably safe and that the defendant had sufficient notice of the condition of the property to correct it before the accident, the defendant's negligence was not a substantial factor in causing the accident. After the jury was discharged, the plaintiff's counsel moved to set aside the verdict as contrary to the weight of the evidence and for a new trial. The Supreme Court granted the plaintiff's motion. This was improper.

"A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence" (*Maharaj v LaRoche*, 121 AD3d 953, 953 [2014]; *see Lolik v Big v Supermarkets*, 86 NY2d 744, 746 [1995]). "A jury's finding that a party was at fault but that such fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Das v Costco Wholesale Corp.*, 98 AD3d 712, 713 [2012]; *see Zhagui v Gilbo*, 63 AD3d 919 [2009]). " 'Where the verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view' " (*Zhagui v Gilbo*, 63 AD3d at 920, quoting *Koopersmith v General Motors Corp.*, 63 AD2d 1013, 1014 [1978]).

Under the circumstances presented here, the issues of negligence and proximate cause were not inextricably interwoven, and the jury's determination that the defendant's negligence was not a proximate cause of the accident was not contrary to the weight of the evidence, as the jury could have found that while the defendant negligently failed to repair the

defective parking lot, the accident was not caused by a defect in the parking lot (*see Coma v City of New York*, 97 AD3d 715, 716 [2012]; *Bonomo v City of New York*, 78 AD3d 1094, 1095 [2010]; *Zhagui v Gilbo*, 63 AD3d at 920). Accordingly, the Supreme Court improperly granted the plaintiff's motion to set aside the liability verdict as contrary to the weight of the evidence and for a new trial. Balkin, J.P., Hall, Miller and Duffy, JJ., concur.