■ HAIM YUZARY, Appellant, v NORMA S. HAFIF, Respondent. [38 NYS3d 203]—

In an action to recover damages for personal injuries, the

plaintiff appeals from an order of the Supreme Court, Kings County (F. Rivera, J.), dated March 5, 2014, which denied his motion pursuant to CPLR 4404 (a) to set aside, as contrary to the weight of the evidence, a jury verdict in favor of the defendant and against him finding that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and for a new trial on the issue of damages.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to recover damages for personal injuries resulting from a motor vehicle accident in which a vehicle operated by the defendant struck the plaintiff's vehicle in the rear. Following the joinder of issue, the Supreme Court granted the plaintiff's motion for summary judgment on the issue of liability.

At the ensuing jury trial on damages, the plaintiff presented evidence that he experienced significant deficits in the range of motion of the lumbar region of his spine, his left shoulder, and his left knee. On cross-examination, the plaintiff admitted that he previously had been convicted of filing false statements. He further testified that, while he was in prison, he experienced shoulder and back pain. He testified that he never told the doctors who treated him after the accident about the pain he experienced while in prison. The plaintiff's expert physicians similarly testified that the plaintiff failed to inform them of the symptoms he experienced in his back, left shoulder, and left knee prior to the accident. Both of the plaintiff's experts further conceded on cross-examination that these areas of the plaintiff's body showed signs of degeneration.

The defendant presented the testimony of two expert physicians who reviewed MRI films of the plaintiff's alleged injuries and concluded that the plaintiff's alleged deficits were caused either by prior trauma or by degeneration, and not by the accident.

The jury found that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident, and the plaintiff moved pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence. In the order appealed from, the Supreme Court denied the motion. The plaintiff appeals.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence (*see Ferreira v Wyckoff Hgts. Med. Ctr.*, 81 AD3d 587, 588 [2011]; *see generally Lolik v Big V Supermarkets*, 86 NY2d 744 [1995];

*Nicastro v Park*, 113 AD2d 129 [1985]). "Where, as here, conflicting expert testimony is presented, the jury is entitled to accept one expert's opinion and reject that of another expert" (*Ferreira v Wyckoff Hgts. Med. Ctr.*, 81 AD3d at 588; *see Frenchman v Westchester Med. Ctr.*, 77 AD3d 618, 619 [2010]). Here, the jury's conclusion that the plaintiff did not sustain a serious injury as a result of the accident constituted a fair interpretation of the evidence.

Contrary to the plaintiff's contention, defense counsel's summation comments were not so inflammatory or prejudicial as to deprive him of a fair trial (*see Jun Suk Seo v Walsh*, 82 AD3d 710 [2011]).

The plaintiff's remaining contention is without merit. Mastro, J.P., Hall, Sgroi and Barros, JJ., concur. 