Stancati v Gunzburg (2018 NY Slip Op 02180)





Stancati v Gunzburg


2018 NY Slip Op 02180


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-07854
 (Index No. 2572/10)

[*1]Richard Stancati, et al., appellants, 
v
Janet Gunzburg, respondent.


Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Arshia Hourizadeh], of counsel), for appellants.
Sette & Apoznanski (Russo & Tambasco, Melville, NY [Susan J. Mitola and Gerard Ferrara], of counsel), for respondent.



DECISION & ORDER
Appeal from a judgment of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered July 1, 2016. The judgment, upon the denial of the plaintiffs' motion pursuant to CPLR 4401 for judgment as a matter of law made at the close of evidence, a jury verdict in favor of the defendant on the issue of liability, and the denial of the plaintiffs' motion pursuant to CPLR 4404(a) to set aside the verdict, is in favor of the defendant and against the plaintiffs dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
A motion for judgment as a matter of law pursuant to CPLR 4401may be granted only when the trial court determines that, upon the evidence presented, there is "no rational process by which the jury could find in favor of the nonmoving party" (Tapia v Dattco, Inc., 32 AD3d 842, 844; see Szczerbiak v Pilat, 90 NY2d 553, 556). In considering such a motion, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (Szczerbiak v Pilat, 90 NY2d at 556; see Cicola v County of Suffolk, 120 AD3d 1379, 1381).
Moreover, a jury verdict should not be set aside pursuant to CPLR 4404(a) as against the weight of the evidence unless the verdict could not have been reached on any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744; Ferreira v Wyckoff Hgts. Med. Ctr., 81 AD3d 587, 588; Nicastro v Park, 113 AD2d 129). "It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (Lopreiato v Scotti, 101 AD3d 829, 830 [internal quotation marks omitted]; see Verizon N.Y., Inc. v Orange & Rockland Utils., Inc., 100 AD3d 983).
Here, contrary to the plaintiffs' contentions, it cannot be said that there was no valid line of reasoning or permissible inferences which could support the jury verdict in the defendant's favor, or that the jury could not have reached its verdict on any fair interpretation of the evidence. Additionally, the issues of negligence and proximate cause were not "so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (Rubin v [*2]Pecoraro, 141 AD2d 525, 527; see Zhagui v Gilbo, 63 AD3d 919).
Accordingly, the Supreme Court properly denied the plaintiffs' motions pursuant to CPLR 4401 and 4404(a).
In light of our determination, we need not reach the plaintiffs' remaining contentions.
RIVERA, J.P., ROMAN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court