McKenzie v Southside Hosp. (2018 NY Slip Op 05463)





McKenzie v Southside Hosp.


2018 NY Slip Op 05463


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-03312
 (Index No. 12212/13)

[*1]Terrell Jevon McKenzie, appellant, 
v
Southside Hospital, respondent.


Krentsel & Guzman LLP, New York, NY (Steven E. Krentsel and Julie T. Mark of counsel), for appellant.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York, NY (Aviva Stein and Judy C. Selmeci of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered February 19, 2016. The order denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the defendant on the issue of liability.
ORDERED that the order is affirmed, with costs.
In this action to recover damages for personal injuries, the plaintiff allegedly was injured by a portable X-ray machine while he was at the premises of the defendant, Southside Hospital, in the course of his employment as a delivery person. At the trial on the issue of liability, the plaintiff testified that he was waiting for an elevator in the hospital lobby when he was struck from behind in the lower back by the X-ray machine, which was being pushed by a hospital employee. He further testified that, upon impact, his legs went flying in the air, and he landed on his back, hitting his head on the floor. On behalf of the defense, a hospital employee testified, in part, that the machine was stationary and never made contact with the plaintiff. The defendant's expert engineer testified that the accident could not have happened in the way the plaintiff described, as it was "contrary to the laws of physics." The jury found that the defendant was negligent, but that such negligence was not a substantial factor in causing the accident. The plaintiff moved pursuant to CPLR 4404(a) to set aside the jury verdict as contrary to the weight of the evidence, arguing that the issues of negligence and proximate cause were inextricably intertwined. The defendant opposed the motion, arguing that the jury could have chosen not to credit the testimony of the plaintiff, yet nevertheless conclude that the defendant was negligent for how it chose to transport the machine. The Supreme Court denied the plaintiff's motion. The plaintiff appeals.
We agree with the Supreme Court's determination to deny the plaintiff's motion to set aside the verdict. The evidence did not so preponderate in favor of the plaintiff that the verdict could not have been reached on any fair interpretation of the evidence (see Albano v K.R. & S. Auto [*2]Repair, Inc., 123 AD3d 748; Siddiqua v Anarella, 120 AD3d 793; Agui v Fernandez, 113 AD3d 645).
A jury finding that a party was negligent, but that the negligence was not a proximate cause of the accident, is inconsistent and contrary to the weight of the evidence when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause (see Gibson v Singh Towing, Inc., 155 AD3d 614; Mancini v Metropolitan Suburban Bus Auth., 150 AD3d 979; Kearney v Papish, 136 AD3d 690). Here, the jury could reasonably have found that while the defendant was negligent in the operation of the subject X-ray machine, such negligence was not a substantial factor in causing the accident. In determining whether to set aside a verdict as contrary to the weight of the evidence, deference must be accorded to the jury's assessment of the witnesses' credibility (see Johnson v Yue Yu Chen, 104 AD3d 915; Zere Real Estate Servs., Inc. v Adamag Realty Corp., 60 AD3d 758, 759). The jury here evidently did not credit the plaintiff's account of the accident, and there is no basis to disturb that determination.
Where, as here, there is a reasonable view of the evidence under which it is not logically impossible to reconcile a finding of negligence but no proximate cause, it will be presumed that, in returning such a verdict, the jury adopted that view (see Moffett-Knox v Anthony's Windows on the Lake, Inc., 126 AD3d 768; Henry v Town of Hempstead, 119 AD3d 649; Bonomo v City of New York, 78 AD3d 1094). Under the circumstances of this case, a finding of proximate cause did not inevitably flow from the finding of culpable conduct (see Jaffier v Wilson, 54 AD3d 725; Cona v Dwyer, 292 AD2d 562; Lewis v Metroplex Long Is. Corp., 290 AD2d 421).
LEVENTHAL, J.P., MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court