Levens v Dill (2018 NY Slip Op 05836)





Levens v Dill


2018 NY Slip Op 05836


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2016-00115
 (Index No. 5381/13)

[*1]Claire Levens, et al., appellants, 
v
Marion Dill, et al., respondents.


Sullivan Papain Block McGrath & Cannavo, P.C., New York, NY (Stephen C. Glasser and Gabriel A. Arce-Yee of counsel), for appellants.
Law Offices of Curtis, Vasile, Mehary & Dorry, P.C., Merrick, NY (Eugene Patrick Devany of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Leonard Livote, J.), entered November 23, 2015. The judgment, upon a jury verdict, is in favor of the defendants and against the plaintiffs dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff Claire Levens (hereinafter the injured plaintiff), and her husband suing derivatively, commenced this action, inter alia, to recover damages for personal injuries allegedly sustained by the injured plaintiff on May 4, 2012, as a result of a motor vehicle accident. The defendant driver, Marion Dill, who was car pooling with the injured plaintiff, pulled her vehicle over next to the school where they both worked to allow the injured plaintiff to exit the vehicle. Unbeknownst to either party, when the injured plaintiff exited the vehicle, she closed the rear passenger door on the bottom of her coat, but she signaled to Dill that she was clear of the door and ready to go. The coat was caught in an area of the door that was below the window and not visible to Dill from the inside of the vehicle. Thus, when Dill began driving off to park the car, her vehicle pulled off the injured plaintiff's coat and the injured plaintiff fell to the ground. Dill immediately stopped her car when onlookers brought the incident to her attention.
In his summation to the jury, the plaintiffs' counsel argued that Dill was negligent in moving her vehicle before it was reasonably safe to do so. The jury found that Dill was negligent
but that her negligence was not a substantial factor in causing the accident. The plaintiffs' counsel moved to set aside the verdict as contrary to the weight of the credible evidence adduced at trial, arguing that it was illogical for the jury to find both that Dill was negligent for driving off with the injured plaintiff's coat in the car door and that her negligence was not a substantial factor in causing the accident. The Supreme Court denied the motion and entered a judgment in favor of the defendants and against the plaintiffs dismissing the complaint.
On appeal, the plaintiffs contend that the verdict should have been set aside as contrary to the weight of the evidence because the jury's findings were inconsistent. A jury verdict should not be set aside as contrary to the weight of the evidence presented at trial unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744; Sokolik v Pateman, 114 AD3d 839; Chavanne v BZL Cleaning Solution, Inc., 84 AD3d 852; Desposito v City of New York, 55 AD3d 659; Nicastro v Park, 113 [*2]AD2d 129). "Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors. It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (Gibson v Singh Towing, Inc., 155 AD3d 614, 616 [citations and internal quotation marks omitted]; see Cohen v Hallmark Cards, 45 NY2d 493).
Where the verdict can be logically reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view (see Coma v City of New York, 97 AD3d 715; Jaffier v Wilson, 54 AD3d 725; Rubin v Pecoraro, 141 AD2d 525; Koopersmith v General Motors Corp., 63 AD2d 1013, 1014). Moreover, "[a] jury's finding that a party was at fault but that such fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (Das v Costco Wholesale Corp., 98 AD3d 712, 713 [citations and internal quotation marks omitted]).
Here, a fair interpretation of the evidence supported the jury's finding that Dill's negligence was not a substantial factor in causing the injured plaintiff's injuries. Based upon the testimony adduced at trial, the injured plaintiff closed the rear passenger side door on her own coat, which she was wearing, in such a way that it was not visible to Dill. After the injured plaintiff shut the door, and then signaled to Dill that she was clear of the door, she turned to walk away from Dill's car, which drove off, dragging the coat and the injured plaintiff. These acts were the sole proximate cause of the accident (see Gibson v Singh Towing, Inc., 155 AD3d at 616; cf. Victoria H. v Board of Educ. of City of N.Y., 129 AD3d 912; Das v Costco Wholesale Corp., 98 AD3d 712; Ahr v Karolewski, 32 AD3d 805). Moreover, under the circumstances presented, the issues of negligence and proximate cause were not inextricably interwoven (see Bonomo v City of New York, 78 AD3d 1094; Zhagui v Gilbo, 63 AD3d 919; Jaffier v Wilson, 54 AD3d 725). Therefore, the verdict was neither inconsistent nor contrary to the weight of the evidence.
DILLON, J.P., CHAMBERS, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court