Baynes v Maple 3, LLC (2019 NY Slip Op 01047)





Baynes v Maple 3, LLC


2019 NY Slip Op 01047


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2016-02427
 (Index No. 500982/13)

[*1]Daniella Baynes, appellant, 
v
Maple 3, LLC, respondent.


The Rambadadt Law Office, New York, NY (Robert M. Rambadadt of counsel), for appellant.
Kerley, Walsh, Matera & Cinquemani, P.C., Seaford, NY (Lauren B. Bristol of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), entered February 10, 2016. The judgment, upon a jury verdict in favor of the defendant on the issue of liability, is in favor of the defendant and against the plaintiff, in effect, dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries she alleged that she sustained from a defective radiator in an apartment owned by the defendant. At the trial on the issue of liability, the plaintiff testified, among other things, that her brother was present in her apartment with her when the radiator sprayed hot water on her leg. Nonetheless, the plaintiff did not proffer her brother as a witness at the trial; she testified that he was living in the Carribean at the time. The jury returned a verdict finding that the defendant was not negligent. The plaintiff appeals from a judgment, entered upon the jury verdict, which is in favor of the defendant and against her, in effect, dismissing the complaint.
A jury verdict should not be set aside as against the weight of the evidence unless the verdict could not have been reached on any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746; Ferreira v Wyckoff Hgts. Med. Ctr., 81 AD3d 587, 588). Here, a fair interpretation of the evidence supported the jury's determination (see Ferreira v Wyckoff Hgts. Med. Ctr., 81 AD3d at 588; see also Russo v Levat, 143 AD3d 966, 969).
The plaintiff's contention that the defendant's trial counsel made improper comments during summation about her brother's unavailability is unpreserved for appellate review, as the plaintiff failed to object to those remarks at trial (see Lagos v Fucale, 139 AD3d 908, 908; Jean-Louis v City of New York, 86 AD3d 628, 629; Lucian v Schwartz, 55 AD3d 687, 688). Although the plaintiff objected to the defendant's improper comment that she should have produced the radiator at trial, the error was harmless in light of the strong evidence adduced at trial contradicting the plaintiff's theory that the defendant had failed to properly repair the radiator (see CPLR 2002; Blanar [*2]v Dickinson, 296 AD2d 431, 432).
The defendant's remaining contention is without merit.
CHAMBERS, J.P., AUSTIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court