In an action for specific performance of a contract and to recover damages for breach of contract, the defendant Frank Racanelli appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (Giacomo, J.), dated September 12, 2011, as, upon a jury verdict in favor of the plaintiff and against him, awarded the plaintiff interest at a rate of 10% per annum from March 31, 2001, to the date of the verdict on the principal amount due on a certain promissory note, and the plaintiff cross-appeals from so much of the same judgment as did not award prejudgment interest pursuant to CPLR 5001, and did not award him judgment against the defendant Dearman Park Homeowners Associates.
Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding the plaintiff interest at a rate of 10% per annum from March 31, 2001, to the date of the verdict on the principal amount due on the promissory note, and substituting therefor a provision awarding the plaintiff prejudgment interest at the statutory rate of 9% per annum from March 26, 2002; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a recomputation of prejudgment interest in accordance herewith, and thereafter the entry of an appropriate amended judgment.
This action involves an agreement dated March 31, 2001, between the defendants Charles M. Pateman, Westwood Development Associates (hereinafter Westwood), Frank Racanelli, and Padriac Steinschneider (hereinafter collectively the debtors) and the plaintiff Andrew Sokolik, pursuant to which the plaintiff agreed to loan the debtors the sum of $216,250 for the benefit of a housing development, to be evidenced by a promissory note signed by the debtors. The promissory note, dated March 26, *840 2001, required repayment of the principal sum of $216,250 one year after the date of the note. The agreement gave the plaintiff the option to apply the principal amount of the loan plus an additional $50,000 “towards the purchase price of’ a certain parcel of real property, which option had to be exercised in writing within the one-year loan period. The agreement gave Westwood the option to cancel the agreement within three months after the date of the agreement. Upon exercising the option to cancel, Westwood was required to return to Sokolik the principal sum of $216,250, together with interest calculated at the rate of 10% per annum, prorated from March 26, 2001.
The plaintiff allegedly exercised his option to purchase within his one-year option period. On October 7, 2003, counsel for Racanelli and Steinschneider tendered a check to the plaintiff in the sum of $249,648.81, allegedly in satisfaction of the loan. The plaintiff rejected and returned the check and demanded a deed pursuant to the agreement. However, title to the parcel was never conveyed to the plaintiff. The plaintiff commenced this action alleging two causes of action. In the first cause of action, the plaintiff sought specific performance on the option to purchase the parcel. The second cause of action alleged breach of contract and sought judgment in the amount loaned, $216,250, together with interest. After trial, the jury returned a verdict, inter alia, finding that the debtors had breached the agreement between the parties by failing to repay the principal sum of the loan within one year after the date of the promissory note, and that the plaintiff was entitled to an award of the principal amount of the loan plus interest at a rate of 10% per annum from March 31, 2001, to the date of the verdict.
For a reviewing court to determine that a jury verdict is not supported by legally sufficient evidence, it must conclude that there is “simply no valid line of reasoning and permissible inferences” by which the jury could have rationally reached its verdict “on the basis of the evidence presented at trial” (Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]; see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]; Guclu v 900 Eighth Ave. Condominium, LLC, 81 AD3d 592 [2011]). In addition, a jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; Chavanne v BZL Cleaning Solution, Inc., 84 AD3d 852 [2011]; Piazza v Corporate Bldrs. Group, Inc., 73 AD3d 1006, 1006-1007 [2010]). Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary *841 balancing of many factors (see Cohen v Hallmark Cards, 45 NY2d at 499; Nicastro v Park, 113 AD2d 129, 133 [1985]). “ ‘It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses’ ” (Jean-Louis v City of New York, 86 AD3d 628, 629 [2011], quoting Exarhouleas v Green 317 Madison, LLC, 46 AD3d 854, 855 [2007]; see Salony v Mastellone, 72 AD3d 1060, 1061 [2010]).
Here, based on the evidence presented at trial, there is no valid line of reasoning or any permissible inferences which could possibly lead rational people to the conclusion that the plaintiff was entitled to interest at a rate of 10% per annum from March 31, 2001, to the date of the verdict on the principal amount due on the subject promissory note. The agreement and promissory note at issue here, which were complete, clear, and unambiguous, did not provide for a predefault or postdefault interest rate, but only provided for interest at 10% per annum if Westwood properly exercised its option to cancel the agreement. There was no evidence at trial to demonstrate that Westwood exercised its option to cancel the agreement that would have required it to pay interest to the plaintiff on the principal amount due.
Although the plaintiff was not entitled to recover interest based on the promissory note, the Supreme Court erred in failing to award the plaintiff statutory prejudgment interest pursuant to CPLR 5001 (a), which requires that such interest be recovered upon a sum awarded because of a breach of contract. Since the jury determined that the debtors breached their agreement with the plaintiff “by failing to repay the $216,250 within 12 months of the date of the promissory note,” the Supreme Court should have awarded the plaintiff prejudgment interest at the statutory rate of 9% per annum from March 26, 2002, the date of the breach (see Kaiser v Fishman, 187 AD2d 623 [1992]).
Contrary to the plaintiffs contention on appeal, the Supreme Court properly declined to enter a judgment against the defendant Dearman Park Homeowners Associates. Dearman was not a party to the agreement or promissory note pursuant to which the plaintiff seeks damages, and the plaintiff informed the court at trial, after opening statements and before testimony commenced, that he never had a claim against Dearman. Skelos, J.E, Hall, Cohen and Hinds-Radix, JJ., concur.