■ DARRYL GIBSON, JR., Appellant-Respondent, v SINGH TOWING, INC., et al., Respondents, and AZEEM KHAN et al., Respondents-Appellants, et al., Defendant. [64 NYS3d 233]—

In an action to recover damages for personal injuries, (1) the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Greco, Jr., J.), entered April 2, 2015, as denied that branch of his motion pursuant to CPLR 4404 (a) which was to set aside so much of a jury verdict as found that the actions of the defendants Singh Towing, Inc., and Kulwinder Singh were not a proximate cause of his injuries, and (2) the defendants Azeem Khan and Sabreena N. Khan cross-appeal, as limited by their brief, from so much of the same order as denied those branches of their cross motion pursuant to CPLR 4404 (a) which were to set

aside so much of the verdict as was against them and as found that the actions of the defendants Singh Towing, Inc., and Kulwinder Singh were not a proximate cause of the plaintiff's injuries.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendants Singh Towing, Inc., and Kulwinder Singh, payable by the plaintiff and the defendants Azeem Khan and Sabreena N. Khan, appearing separately and filing separate briefs.

The plaintiff was a passenger in a tow truck operated by the defendant Kulwinder Singh and owned by the defendant Singh Towing, Inc. (hereinafter together the Singh defendants). Singh's tow truck was parked on the left side of 115th Street in Queens, a one-way, one-lane road. Singh pulled the tow truck from its parked position into the road, and was subsequently struck on the right passenger side by a vehicle operated by the defendant Sabreena N. Khan and owned by the defendant Azeem Khan (hereinafter together the Khan defendants). At trial, Singh testified that he began to pull his tow truck out into the road, observed the Khan defendants' vehicle approximately 200 feet behind him in his side-view mirror, and brought his truck to a stop, with the front cab of the tow truck extending approximately four feet into the roadway. Thereafter, Khan's vehicle struck the tow truck. By contrast, Sabreena N. Khan testified that she was looking straight in front of her vehicle and did not see the tow truck in the roadway until the moment of the collision.

In its charge, the Supreme Court instructed the jury, inter alia, that drivers have a duty to see that which they should have seen by the proper use of their senses (*see* PJI 2:77.1), and a duty to move from a stopped or parked position only when such movement can be made with reasonable safety (*see* Vehicle and Traffic Law § 1162). The jury returned a verdict finding that Sabreena N. Khan was negligent and that her conduct was a substantial factor in causing the accident. The jury found that Singh acted negligently, but that his negligence was not a substantial factor in causing the accident. The plaintiff moved, inter alia, pursuant to CPLR 4404 (a) to set aside so much of the verdict as found that the actions of the Singh defendants were not a proximate cause of his injuries, arguing that the jury's finding was contrary to the weight of the evidence. The Khan defendants cross-moved, inter alia, pursuant to CPLR 4404 (a) to set aside the same finding as contrary to the weight of the evidence. The Supreme Court denied the plaintiff's motion and the Khan defendants' cross

motion. The plaintiff appeals and the Khan defendants cross-appeal.

"[A] jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence" (*Sokolik v Pateman*, 114 AD3d 839, 840 [2014]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]). "Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors" (*Sokolik v Pateman*, 114 AD3d at 840-841; *see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). "It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (*Lopreiato v Scotti*, 101 AD3d 829, 830 [2012] [internal quotation marks omitted]; *see Verizon N.Y., Inc. v Orange & Rockland Utils., Inc.*, 100 AD3d 983 [2012]). "A jury finding that a party was negligent but that the negligence was not a proximate cause of the accident is inconsistent and [contrary to] the weight of the evidence only when the issues are 'so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause' " (*Zhagui v Gilbo*, 63 AD3d 919, 919-920 [2009], quoting *Rubin v Pecoraro*, 141 AD2d 525, 527 [1988]).

Here, the issues of negligence and proximate cause were not inextricably interwoven, and the jury determination that Singh's negligence was not a proximate cause of the accident was not contrary to the weight of the evidence (*see Zhagui v Gilbo*, 63 AD3d at 920; *Rubin v Pecoraro*, 141 AD2d at 527). A fair interpretation of the evidence supports a finding that while Singh was negligent in leaving his parking space without determining that it was reasonably safe to do so, his actions were not a proximate cause of the accident, and that Sabreena N. Khan's failure to see Singh's tow truck and avoid a collision was the sole proximate cause of the accident. Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion and the Khan defendants' cross motion which were to set aside so much of the jury verdict as found that the Singh defendants' actions were not a proximate cause of the plaintiff's injuries, and properly denied that branch of the Khan defendants' cross motion which was to set aside so much of the verdict as was against them. Dillon, J.P., Barros, Connolly and Iannacci, JJ., concur.