Majerski v City of New York (2021 NY Slip Op 02147)





Majerski v City of New York


2021 NY Slip Op 02147


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-08313
 (Index No. 702257/16)

[*1]Jozef Majerski, et al., appellants,
v
City of New York, et al., respondents.


William Pager, Brooklyn, NY, for appellants.
Cerussi & Spring, P.C., White Plains, NY (Jennifer R. Freedman of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Leslie J. Purificacion, J.), entered June 25, 2018. The order, insofar as appealed from, denied the plaintiffs' motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6).
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2016, the plaintiffs, Jozef Majerski and Irene Adamchak, commenced this action against the defendants City of New York, New York City Department of Education, and New York City School Construction Authority alleging, inter alia, violations of Labor Law §§ 240(1) and 241(6). According to the plaintiffs, Majerski, an employee of nonparty Adams European Construction, was injured when he fell from a ladder while working on a renovation project at a New York City junior high school in Queens (hereinafter the premises). Specifically, the plaintiffs alleged that, in June 2015, Majerski was on a ladder at the premises disassembling a sidewalk bridge which had already been partially dismantled the day before when a metal pipe detached from the sidewalk bridge and struck him in the knee, causing him to fall from the ladder.
Prior to the completion of discovery, the plaintiffs moved for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6). In an order entered June 25, 2018, the Supreme Court denied the plaintiffs' motion as premature. The plaintiffs appeal.
We agree with the Supreme Court's determination denying the plaintiffs' motion for summary judgment, albeit on different grounds. Contrary to the court's determination, the defendants failed to show that the plaintiff's motion was premature (see Paul v Village of Quogue, 178 AD3d 942, 944; Yiming Zhou v 828 Hamilton, Inc., 173 AD3d 943, 944). Nonetheless, the motion was properly denied, as the plaintiffs failed to establish their entitlement to summary judgment on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6).
"'Labor Law § 240(1) imposes a nondelegable duty and absolute liability upon owners . . . for failing to provide safety devices necessary for protection to workers subject to the [*2]risks inherent in elevated work sites who sustain injuries proximately caused by that failure'" (Canas v Harbour at Blue Point Home Owners Assn., Inc., 99 AD3d 962, 963, quoting Jock v Fien, 80 NY2d 965, 967-968). To prevail on a claim under Labor Law § 240(1), a plaintiff must prove (1) that the defendant violated Labor Law § 240(1), and (2) that such violation was a proximate cause of the injuries (see Labor Law § 240[1]).
In support of their motion, the plaintiffs submitted a transcript of Majerski's testimony at a hearing pursuant to General Municipal Law § 50-h. Majerski testified that he was caused to fall from the ladder at issue when the top of a single cross—out of multiple crosses which serve as reinforcement for the sidewalk bridge—detached from the sidewalk bridge and struck him in the knee. Majerski testified that he had inspected the ladder that he was on, it was not defective and it was secure. Thus, the plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) due to an unsecure or defective ladder (see e.g. Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 288-289; Orellana v 7 W. 34th St., LLC, 173 AD3d 886, 888).
The plaintiffs also failed to establish their prima facie entitlement to judgment as a matter of law under the provisions of Labor Law § 240(1) that afford protection against falling objects (see Narducci v Manhasset Bay Assoc, 96 NY2d 259, 267-268). "To prevail on a cause of action pursuant to section 240(1) in a falling object case, the injured worker must demonstrate the existence of a hazard contemplated under that statute and the failure to use, or the inadequacy of, a safety device of the kind enumerated herein" (Berman-Rey v Gomez, 153 AD3d 653, 655 [internal quotation marks omitted]). Labor Law § 240(1) "does not apply in situations in which a hoisting or securing device of the type enumerated in the statute would not be necessary or expected" (Moncayo v Curtis Partition Corp, 106 AD3d 963, 965; see Ruiz v Ford, 160 AD3d 1001, 1003). Here, Majerski testified at the 50-h hearing that, immediately prior to incident at issue, he and his coworkers had removed the roof, safety netting, and top beam from the sidewalk bridge and all that remained of the disassembling of the sidewalk bridge was for Majerski to remove the poles and crosses—diagonal pipes attached to the poles with nuts—one of which separated from the pole and hit his knee. Such testimony did not eliminate triable issues of fact as to how the accident occurred (see Shaughnessy v Huntington Hosp. Assn., 147 AD3d 994, 996) and whether, under the circumstances of this case, this was a situation where a securing device of the kind enumerated in Labor Law § 240(1) would have been necessary or even expected (see Carlton v City of New York, 161 AD3d 930, 933; Ruiz v Ford, 160 AD3d at 1003).
The plaintiffs also failed to establish their prima facie entitlement to judgment as a matter of law on the cause of action alleging a violation of Labor Law § 241(6). "Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers" (Aragona v State of New York, 147 AD3d 808, 809 [internal quotation marks omitted]). "To establish liability under Labor Law § 241(6), a plaintiff or a claimant must demonstrate that his [or her] injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case" (id. at 809). Here, the plaintiffs failed to establish, prima facie, that the defendants violated Industrial Code (12 NYCRR) § 23-3.3(b)(3), which governs the demolition of walls and partitions, or Industrial Code § 23-3.3(c), which mandates continuing inspections during hand demolition operations. These provisions are intended to guard against hazards caused by structural instability resulting from the progress of the demolition; they do not apply to hazards caused by the actual performance of demolition work (see Vega v Renaissance 632 Broadway, LLC, 103 AD3d 883, 885; Campoverde v Bruckner Plaza Assoc., L.P., 50 AD3d 836, 837). Majerski's testimony at the 50-h hearing, that immediately prior to the incident at issue, he and his coworkers had begun disassembling the sidewalk bridge and had removed the roof, safety netting, and top beam failed to establish as a matter of law that his accident arose from structural instability caused by the progress of demolition rather than from the actual performance of disassembling the sidewalk bridge. Accordingly, triable issues of fact exist as to whether Industrial Code provisions 23-3.3(b)(3) and (c) apply to the facts of this action (see Vega v Renaissance 632 Broadway, LLC, 103 AD3d at 885).
We note that, although the plaintiffs did not establish their entitlement to summary [*3]judgment, contrary to the defendants' contention, under the facts of this case, the plaintiffs' failure to proffer evidence showing that the defendants are the owner, operator, and/or contractor of the premises is not a basis to deny their motion. Here, the defendants' denials of "knowledge or information sufficient to form a belief" (hereinafter DKI) (CPLR 3018[a]) set forth in paragraph 2 of their answer responding to the allegations in the complaint regarding the defendants' status as the owner, operator and/or contractor of the premises was improper as the truth or falsity of the information alleged within those paragraphs of the complaint is wholly within the possession of the defendants (see e.g. Gilberg v Lennon, 193 AD2d 646, 646; Duggan v Lubbin, 219 App Div 433, 433). Accordingly, each DKI should be deemed an admission to those allegations (see e.g. Gilberg v Lennon, 193 AD2d at 646; Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY Practice Commentary CPLR C3018:3).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
CHAMBERS, J.P., MILLER, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court