Graviano v New York City Tr. Auth. (2022 NY Slip Op 01010)





Graviano v New York City Tr. Auth.


2022 NY Slip Op 01010


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2019-03097
 (Index No. 8143/15)

[*1]Paul Graviano, appellant, 
v
New York City Transit Authority, et al., respondents.


Frekhtman & Associates, Brooklyn, NY (Eileen Kaplan and Richard Mogg of counsel), for appellant.
Anna Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated January 24, 2019. The order denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the defendants and for judgment as a matter of law or, in the alternative, for a new trial on the issue of liability.
ORDERED that the order is affirmed, with costs.
On September 10, 2014, the plaintiff, who was riding a bicycle down Avenue U in Brooklyn, collided into the side of a bus. The plaintiff commenced this personal injury action against the driver of the bus, Jay Belfleur, and the New York City Transit Authority.
After a trial, the jury determined that the defendants were negligent, but that their negligence was not a substantial factor in causing the accident. Subsequently, the plaintiff moved pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law or, in the alternative, for a new trial on the issue of liability. The Supreme Court denied the motion, and the plaintiff appeals.
Because the plaintiff failed to object to the verdict as inconsistent prior to the discharge of the jury, he waived his objection to the verdict upon that ground (see Barry v Manglass, 55 NY2d 803, 806; Cruz-Rivera v National Grid Energy Mgt., LLC, 190 AD3d 687, 688). Moreover, the jury's determination that the defendants were negligent but that their negligence was not a substantial factor in causing the accident was not contrary to the weight of the evidence. A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746; Nicastro v Park, 113 AD2d 129, 134). "A jury's finding that a party was at fault but that such fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (Brennan v Gormley, 181 AD3d 552, 553 [internal quotation marks omitted]; see Cruz-Rivera v Natl. Grid Energy Mgt., LLC, 190 [*2]AD3d at 688; Gibson v Singh Towing, Inc., 155 AD3d 614, 616).
Here, a fair interpretation of the evidence supports a finding that Belfleur was negligent in making a left turn from Avenue U onto Veterans Avenue and in failing to see the plaintiff, but that the plaintiff's failure to see Belfleur's bus and avoid a collision was the sole proximate cause of the accident. Therefore, the issues of negligence and proximate cause were not inextricably interwoven, and the jury's determination that the defendants' negligence was not a proximate cause of the accident was not contrary to the weight of the evidence (see Gibson v Singh Towing, Inc., 155 AD3d at 616; Ward v Watson, 72 AD3d 808, 809).
Accordingly, the Supreme Court properly denied the plaintiff's motion.
DUFFY, J.P., IANNACCI, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court