Goldfarb v New York & Presbyt. Hosp. (2022 NY Slip Op 06470)

Goldfarb v New York & Presbyt. Hosp.

2022 NY Slip Op 06470

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2020-04088
 (Index No. 510225/17)

[*1]Hadas Goldfarb, appellant, 
v
New York and Presbyterian Hospital, respondent, et al., defendant.

Aron Law, PLLC, Brooklyn, NY (Joseph H. Aron of counsel), for appellant.
Epstein Becker & Green, P.C., New York, NY (John Houston Pope of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of religion in violation of the New York State Human Rights Law and the New York City Human Rights Law, the plaintiff appeals from an order of the Supreme Court, Kings County (Katherine Levine, J.), dated November 8, 2017. The order denied the plaintiff's motion to impose sanctions against the defendant New York and Presbyterian Hospital and its attorney, and to deem certain denials in that defendant's answer to the amended complaint to be admissions.
ORDERED that the order is affirmed; and it is further,
ORDERED that on the Court's own motion, the parties to the appeal are directed to show cause before this Court why an order should or should not be made and entered imposing sanctions and/or costs, if any, including appellate counsel fees, upon the plaintiff's counsel, Aron Law, PLLC, pursuant to 22 NYCRR 130-1.1(c) as this Court may deem appropriate, by uploading an affirmation or affidavit on that issue, with proof of service thereof, through the digital portal on this Court's website, on or before December 1, 2022; and it is further,
ORDERED that the Clerk of this Court, or her designee, is directed to serve a copy of this order to show cause upon the parties to this appeal, via email, to the email address provided to this Court, or, if no email address is provided, by regular mail; and it is further,
ORDERED that one bill of costs is awarded to the defendant New York and Presbyterian Hospital.
The plaintiff commenced this action against the defendants, New York and Presbyterian Hospital (hereinafter the hospital) and City of New York, inter alia, to recover damages for employment discrimination on the basis of religion in violation of the New York State Human Rights Law and the New York City Human Rights Law. Subsequently, the plaintiff moved to impose sanctions against the hospital and its attorney, and to deem certain denials in the hospital's answer to the amended complaint to be admissions on the ground that the hospital had asserted false denials in its answer. In an order dated November 8, 2017, the Supreme Court denied the plaintiff's motion. The plaintiff appeals. We affirm.
"To the extent the portions of [an] answer constitute improper denials, they may be deemed admissions" (Gilberg v Lennon, 193 AD2d 646; see Majerski v City of New York, 193 AD3d 715, 718; Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, CPLR C3018: 3). Here, in support of her motion, the plaintiff failed to establish that any of the challenged denials in the hospital's answer to the amended complaint were improper in form such that they may be deemed admissions (see CPLR 3018[a]; 3026; see also Matter of Robinson v DiNapoli, 172 AD3d 1513, 1515; cf. Majerski v City of New York, 193 AD3d at 718-719). Further, the record does not support a finding that the hospital's conduct was frivolous (see 22 NYCRR 130-1.1; Sassower v Gannett Co., Inc., 109 AD3d 607, 608). Accordingly, the Supreme Court properly denied the plaintiff's motion to impose sanctions against the hospital and its attorney, and to deem certain denials in the hospital's answer to the amended complaint to be admissions.
In addition, since the plaintiff has raised arguments on this appeal that appear to be "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1[c][1]), and/or were undertaken primarily to harass or maliciously injure another (see id. § 130-1.1[c][1], [2]), the appeal may be frivolous (see Patouhas v Patouhas, 172 AD3d 1221, 1222). Accordingly, we direct the submission of affirmations or affidavits on the issue of whether, and in what amount, costs or sanctions, including reimbursement to the hospital for reasonable attorneys' fees in connection with this appeal, should or should not be imposed upon the plaintiff's counsel, Aron Law, PLLC.
DILLON, J.P., MILLER, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court