iGo Mktg. & Entertainment, LLC v Hartbeat Prods., LLC (2023 NY Slip Op 03225)

iGo Mktg. & Entertainment, LLC v Hartbeat Prods., LLC

2023 NY Slip Op 03225

Decided on June 14, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2019-12439
 (Index No. 621509/17)

[*1]iGo Marketing & Entertainment, LLC, appellant,
v
Hartbeat Productions, LLC, et al., respondents.

Connolly Law (Kerry E. Connolly and Skarzynski Marick & Black LLP, New York, NY [James Sandnes], of counsel), for appellant.
Mills & Edwards, LLP, New York, NY (Donte Mills of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated August 22, 2019. The order, insofar as appealed from, granted that branch of the plaintiff's cross-motion which was for summary judgment on the issue of damages for the non-cash component of compensation only to the extent of awarding $438,000, without prejudgment interest, granted that branch of the plaintiff's separate cross-motion which was for an award of damages on the cash component of compensation in the amount of $225,000, plus prejudgment interest, to the extent of awarding $225,000, plus prejudgment interest only through July 8, 2019, and denied those branches of the cross-motions which were pursuant to 22 NYCRR 130.1-1 for costs and attorney's fees.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the plaintiff's cross-motion which was for summary judgment on the issue of damages for the non-cash component of compensation only to the extent of awarding $438,000, without prejudgment interest, and substituting therefor a provision granting that branch of the cross-motion to the extent of awarding $952,973, plus prejudgment interest through the date of payment or the entry of judgment, whichever occurs first, and (2) by deleting the provision thereof granting that branch of the plaintiff's separate cross-motion which was for an award of damages on the cash component of compensation in the amount of $225,000, plus prejudgment interest, to the extent of awarding $225,000, plus prejudgment interest through July 8, 2019, and substituting therefor a provision granting that branch of the separate cross-motion to the extent of awarding $225,000, plus prejudgment interest through the date of payment or the entry of judgment, whichever occurs first; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
The plaintiff commenced this action alleging that the defendants breached the parties' oral agreement to pay commission on a certain marketing agreement it had procured. After issue was joined, the parties entered into an open-court stipulation that was so-ordered by the Supreme Court whereby the defendants agreed to pay commission on the cash component of compensation fixed in the marketing agreement. The parties agreed that the only remaining issue in the case was the amount the plaintiff was entitled to recover with respect to the non-cash component of compensation set forth in the marketing agreement and the parties would submit to the court the issue of the date of valuation of the non-cash component of compensation and any other issues amenable to resolution [*2]by motion for summary judgment.
Thereafter, the defendants, in effect, moved for summary judgment on the issue of damages, arguing that the date of valuation of the non-cash component of compensation should be April 23, 2015, the date the marketing agreement was executed. The plaintiff cross-moved for summary judgment on the issue of damages, and pursuant to 22 NYCRR 130.1-1 for costs and attorney's fees. In support of its cross-motion, the plaintiff submitted the sworn report of its expert, who valued the non-cash component of compensation on November 7, 2017, which was the date of the defendants' breach, and opined that the plaintiff was entitled to damages in the amount of $952,973. The plaintiff separately cross-moved, inter alia, for damages in the amount of $225,000, plus prejudgment interest, representing its commission on the cash component of compensation, and pursuant to 22 NYCRR 130.1-1 for costs and attorney's fees. The defendants opposed the cross-motions.
In the order on appeal, the Supreme Court fixed the valuation date of the non-cash component of compensation as April 28, 2016, a date not proposed by either party, awarded the plaintiff damages in the amount of $438,000 for the non-cash component of compensation, and failed to award prejudgment interest on that award. The court separately awarded the plaintiff damages for the cash component of compensation in the amount of $225,000, plus prejudgment interest through July 8, 2019. The court denied those branches of the plaintiff's cross-motions which were pursuant to 22 NYCRR 130.1-1 for costs and attorney's fees. On appeal, the plaintiff argues, in part, that the valuation date of the non-cash component of compensation should have been November 7, 2017, the date of the defendants' breach.
Proof of damages is an essential element of a claim for breach of contract under New York law (see Palmetto Partners, L.P. v AJW Qualified Partners, LLC, 83 AD3d 804, 806-807). It has long been recognized that the theory underlying damages for breach of contract is to make good or replace the loss caused by the breach (see Brushton-Moira Cent. School Dist. v Thomas Assoc. , 91 NY2d 256, 261; Reid v Terwilliger, 116 NY 530, 534; Seidman v Industrial Recycling Props., Inc., 106 AD3d 983, 985). Damages are intended to return the parties to the point at which the breach arose and to place the nonbreaching party in as good a position as it would have been had the contract been performed (see Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y., 10 NY3d 187, 195; Goodstein Constr. Corp. v City of New York, 80 NY2d 366, 373; Restatement [Second] of Contracts §§ 344, 347, Comment a). Thus, damages for breach of contract are ordinarily ascertained as of the date of the breach (see Brushton-Moira Cent. School Dist. vThomas Assoc., 91 NY2d at 261; Seidman v Industrial Recycling Props., Inc., 106 AD3d at 985).
Here, the Supreme Court's sua sponte reasoning (see Citibank, N.A. v Kerszko, 203 AD3d 42, 47-48; Tirado v Miller, 75 AD3d 153, 160) for valuing the non-cash component of compensation on April 28, 2016, finds no support in the record. Further, the plaintiff established its prima facie entitlement to summary judgment on its claim for damages for the non-cash component of compensation (see Brushton-Moira Cent. School Dist. v Thomas Assoc., 91 NY2d at 261; Seidman v Industrial Recycling Props., Inc., 106 AD3d at 985). In opposition, the defendants failed to raise a triable issue of fact. Accordingly, the court should have granted that branch of the plaintiff's cross-motion which was for summary judgment on the issue of damages for the non-cash component of compensation to the extent of awarding the amount of $952,973.
Further, since this is a breach of contract action, the plaintiff was entitled to prejudgment interest on the damages awards (see CPLR 5001; Mahoney v Brockbank, 142 AD3d 200, 203, lv granted 29 NY3d 904; Sokolik v Pateman, 114 AD3d 839, 841), to be calculated through the date of payment or the entry of judgment, whichever occurs first.
The Supreme Court properly denied those branches of the plaintiff's cross-motions which were for costs, including attorneys' fees and expenses, pursuant to 22 NYCRR 130.1-1 as the record does not support a finding that the defendants' conduct was frivolous (see id. § 130-1.1[c]; Goldfarb v New York & Presbyt. Hosp., 210 AD3d 870, 872; Khadka v American Home Mtge. Servicing, Inc., 139 AD3d 808, 809).
BARROS, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court