Arden Besunder, P.C. v Harwood (2025 NY Slip Op 05211)

Arden Besunder, P.C. v Harwood

2025 NY Slip Op 05211

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2021-07785
 (Index No. 603286/18)

[*1]Arden Besunder, P.C., respondent, 
v
Adam S. Harwood, et al., appellants.

Paula A. Miller P.C., Smithtown, NY, for appellants.
Egan & Golden, LLP, Patchogue, NY (Harvey A. Besunder of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover on an account stated and to recover damages for breach of contract, the defendants appeal from a judgment of the Supreme Court, Nassau County (James P. McCormack, J.), entered October 6, 2021. The judgment, upon a decision of the same court entered September 2, 2021, made after a nonjury trial, is in favor of the plaintiff and against the defendants in the principal sum of $95,698.99, plus prejudgment interest in the sum of $40,335.29.
ORDERED that the judgment is modified, on the law, by deleting the provision thereof awarding prejudgment interest in the sum of $40,335.29; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a determination of the date from which prejudgment interest is to be computed, for a recalculation of prejudgement interest, and for the entry of an appropriate amended judgment thereafter.
In or about August 2016, the defendant Adam S. Harwood retained the plaintiff to represent him in separate probate and trust matters. This representation spanned the period of August 2016 through September 2017. In July 2017, Harwood's wife, the defendant Linda Salamon, called the plaintiff to object to invoices issued for the period of January 2017 through June 2017. In conversations with the defendants' counsel, the plaintiff allegedly agreed to accept $70,000 in satisfaction of fees for legal services rendered through July 31, 2017, unless the defendants failed to fulfill certain obligations, such as objecting to invoices by a certain date, at which point the entire amount owed, totaling $139,673.46, would be due. In August 2017, the defendants sent the plaintiff a check for $70,000, which the plaintiff placed into an escrow account pending negotiations of a proposed agreement. The proposed agreement was sent to the defendants' counsel. The proposed agreement reflected the aforementioned conversations between the plaintiff and the defendants' counsel and provided that, upon full execution, the defendants would consent to the withdrawal of the $70,000 from the escrow account. Further, the proposed agreement provided that the plaintiff would continue its representation of Harwood and would send invoices on a weekly basis for work performed subsequent to July 2017, but if the defendants failed to pay two weeks of invoices, the plaintiff would discontinue work until payment was received. In September 2017, Salamon made handwritten changes to the proposed agreement and both of the defendants signed it. However, the [*2]plaintiff never signed the proposed agreement. Thereafter, the plaintiff sent the defendants invoices for the period of August 2017 and received no response.
In March 2018, the plaintiff commenced this action against the defendants, inter alia, to recover on an account stated and to recover damages for breach of contract. In an order dated February 28, 2020, the Supreme Court, among other things, determined that the defendants had waived their right to oppose the imposition of liability. After a nonjury trial, in a decision entered September 2, 2021, the court, inter alia, determined that the plaintiff had proven its entitlement to relief on the causes of action to recover on an account stated and to recover damages for breach of contract. The court found that the plaintiff was entitled, among other things, to an award of fees in the sum of $95,698.99, plus prejudgment interest. Subsequently, on October 6, 2021, a judgment was entered in favor of the plaintiff and against the defendants in the principal sum of $95,698.99, plus prejudgment interest in the sum of $40,335.29. The defendants appeal.
"'In reviewing a trial court's findings of fact following a nonjury trial, this Court's authority is as broad as that of the trial court and includes the power to render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses'" (Gelaj v Gelaj, 216 AD3d 1082, 1083, quoting O'Brien v Dalessandro, 43 AD3d 1123, 1123; see Treasure Is. of Asbury Park Self-Storage, LLC v MBAR Realty, LLC, 216 AD3d 1200, 1203). Here, in light of the evidence presented at trial, we find no basis to disturb the Supreme Court's determination regarding the plaintiff's entitlement to an award of fees in the principal sum of $95,698.99 (see Rimberg v Horowitz, 206 AD3d 832, 834).
However, the defendants correctly contend that the Supreme Court should have specified in its judgment the date from which prejudgment interest is to be computed. Since this is, in essence, a breach of contract action, the plaintiff is entitled to prejudgment interest pursuant to CPLR 5001 (see iGo Mktg. & Entertainment, LLC v Hartbeat Prods., LLC, 217 AD3d 753, 755; Sokolik v Pateman, 114 AD3d 839, 841). Pursuant to CPLR 5001(b), "[i]nterest shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred. Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." CPLR 5001(c) provides that "[t]he date from which interest is to be computed shall be specified in the verdict, report or decision." Here, neither the decision after trial nor the judgment appealed from include the date from which prejudgment interest is to be computed. Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for a determination of the date from which prejudgment interest is to be computed, for a recalculation of prejudgment interest, and for the entry of an appropriate amended judgment thereafter (see Redbridge Bedford, LLC v 159 N. 3rd St. Realty Holding Corp., 213 AD3d 876, 878).
The parties' remaining contentions are either improperly raised for the first time on appeal or without merit.
MILLER, J.P., DOWLING, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court